DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Nathan Eden, appeals from the decision of the Lorain County Court of Common Pleas, Domestic Relations Division, which dismissed his motion for relief from judgment. We reverse and remand for further proceedings.
 I. {¶ 2} Nathan and Appellee, Kathleen Eden, were divorced in June, 1994. As part of the divorce decree, various pensions were to be divided by Qualified Domestic Relations Orders ("QDROs"). Several QDROs were subsequently journalized. On November 16, 2001, a QDRO was journalized that purported to divide Nathan's interest in "U.S. Steel Corporation Plan for Non-Union Employee Pension Benefits." Appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B), seeking to vacate the November 16, 2001 QDRO. The certificate of service on Nathan's motion indicates that it was served upon the attorney for Kathleen.
 {¶ 3} On December 18, 2001, the trial court entered an order, which stated, "Defendant failed to serve Motion Seeking Relief From Judgement pursuant to Civil Rule 75. Defendant is instructed to serve Motion via certified mail." On January 15, 2002, the court journalized another order, instructing Nathan to comply with Civ.R. 75, noting that if the motion was not served via certified mail, the motion would be dismissed without prejudice. The trial court repeated the order in April.
 {¶ 4} On May 13, 2002, Nathan filed a "Notice of Service" giving notice that a copy of his motion had been sent to Kathleen via certified mail. On May 17, 2002, the trial court dismissed Nathan's motion, finding that Nathan failed to properly serve his motion pursuant to Civ.R. 75. Nathan appealed, and this Court reversed. See Eden v. Eden, 9th Dist. No. 02CA008077, 2003-Ohio-356.
 {¶ 5} Upon review of Nathan's claim that Civ.R. 75 should not have been applied to him, this Court determined that Nathan's motion was not requesting modification of an existing order, which would require invocation of the domestic relations court's continuing jurisdiction, and therefore, service of his motion was governed by Civ.R. 5.
 {¶ 6} Upon remand, the trial court again dismissed Nathan's motion, finding that Nathan had failed to serve his motion upon Kathleen "by regular mail or otherwise." This appeal followed.
 II. First Assignment of Error
"Domestic Relations court has again Wrongfully Dismissed Defendant's 60(B) Motion[.]"
 {¶ 7} In his first assignment of error, Appellant asserts that the trial court erred when it dismissed his motion for relief from judgment for failure of service. We agree.
 {¶ 8} Civ.R. 5(A) provides that filings shall be served upon each of the parties. "Whenever under these rules service is required or permitted to be made upon a party who is represented by an attorney of record in the proceedings, the service shall be made upon the attorney unless service upon the party is ordered by the court." Civ.R. 5(B).
 {¶ 9} The certificate of service on Nathan's motion indicates that it was served upon Kathleen's attorney; therefore, Nathan complied with the requirements of Civ.R. 5(A) concerning service upon the attorney for a party, if the party is represented by an attorney. Assuming, however, that the trial court intended for Nathan to serve Kathleen personally, and ordered him to do so, as permitted by Civ.R. 5(A), the record indicates that he did, in fact, serve Kathleen personally via certified mail, as evidenced by his May 13, 2002 notice of service.
 {¶ 10} Accordingly, the trial court erred when it dismissed Nathan's motion for relief from judgment for failure to serve Kathleen "by regular mail or otherwise." Nathan's first assignment of error is sustained.
 Second Assignment of Error
"Modification of Existing QDRO could not occur[.]"
 Third Assignment of Error
"Introduction of a second claim was time barred[.]"
 Fourth Assignment of Error
"Plaintiff legally defaulted any claim to the funds disputed[.]"
 {¶ 11} In his second, third, and fourth assignments of error, Nathan addresses the merits of his motion for relief from judgment. The trial court dismissed his motion without reaching the merits, and we decline to address these assignments of error for the first time on appeal.
 III. {¶ 12} The first assignment of error is sustained. Accordingly, the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division is reversed, and the cause is remanded for further proceedings.
Judgment reversed, and cause remanded.
WILLIAM R. BAIRD, SLABY, P.J., BATCHELDER, J. CONCUR